**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| c/o United States Attorney's Office | ) | Civil Action No. 19-cv-2149 |
| 555 Fourth St., N.W. | ) | |
| Washington, D.C.  20530 | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| SEVENTY-SEVEN THOUSAND SIX | ) | |
| HUNDRED DOLLARS ($77,600.00) | ) | |
| IN UNITED STATES CURRENCY | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

*COMES NOW*, the plaintiff United States of America, by and through the United States Attorney

for the District of Columbia, to bring this verified complaint for forfeiture in a civil action *in rem*

against the defendant property, which is $77,600.00 in United States currency, which law enforcement

seized on or about February 14, 2019.  In further support of its cause, the plaintiff states as follows:

## NATURE OF THE ACTION AND DEFENDANT *IN REM*

1.      This is a civil action *in rem* for the forfeiture of the defendant property to the use and

benefit of the plaintiff, the government of the United States of America.   Pursuant to

21 U.S.C. § 881(a)(6), property is subject to forfeiture to the United States if it is "moneys,

negotiable instruments, securities, or other things of value furnished or intended to be furnished by

any person in exchange for a controlled substance, . . . proceeds traceable to such an exchange, and all

moneys, negotiable instruments, and securities used or intended to be used to facilitate" any violation

1

of Title II of Pub. L. 91-513, commonly called the Controlled Substances Act, as amended, codified

at 21 U.S.C. § 801, *et seq.*

2.      The defendant property is a quantity of United States currency, $77,600.00 in cash,

which law enforcement agents seized on or about February 14, 2019, from an apartment on the 500

block of Pennsylvania Avenue NW in Washington, DC.  The defendant property is described more

fully as **SEVENTY-SEVEN THOUSAND SIX HUNDRED DOLLARS ($77,600.00) IN**

**UNITED STATES CURRENCY SEIZED BY THE FBI ON FEBRUARY 14, 2019 IN**

**WASHINGTON, DC**. The defendant property is in the custody of the U.S. Marshals Service.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345,

because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it

is an action for the recovery and enforcement of a forfeiture under an Act of Congress.  Venue is

proper in this District by virtue of 28 U.S.C. § 1355(b)(1), because this is a forfeiture action or

proceeding brought in the district court for the district in which any of the acts or omissions giving

rise to the forfeiture occurred.

4.      This civil action *in rem* for forfeiture is governed by 21 U.S.C § 881, 18 U.S.C.

§ 983, the Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty Or Maritime

Claims And Asset Forfeiture Actions, particularly Rule G.

## STATEMENT OF FACTS

5.      The Federal Bureau of Investigation (FBI) partnered with the Metropolitan Police

Department to combat illegal firearms in the District of Columbia in the Felon in Possession Project.

Investigators received a tip from a reliable confidential source that Moataz Mohamed Masoud, a

convicted felon, had a firearm.  Investigators discovered Masoud lived in a specific apartment on the 500 block of Pennsylvania Avenue (hereinafter "the Pennsylvania Ave apartment").   On February 8, 2019, a D.C. Superior Court judge issued a search warrant for the Pennsylvania Ave apartment.  On February 14, 2019, FBI and MPD investigators executed the search warrant at the Pennsylvania Ave apartment.  Both Masoud and the woman he was living with were present during the search.  During the search, investigators found and seized the following from the kitchen:

      a.   One sixteen ounce bottle labeled Promethazine Hydrochloride and Codeine Phosphate Syrup with trace amounts inside, found in a kitchen cabinet.

      b.   One clear blue bottle containing trace amounts of a liquid that had the same odor and viscosity as Promethazine Hydrochloride and Codeine Phosphate Syrup was also found in a red Gucci bag on the floor in the kitchen.

      6.       Promethazine Hydrochloride and Codeine Phosphate Syrup is an opioid-based, Schedule V controlled substance that can only be legally obtained by prescription, but the sixteen ounce bottle found displayed no prescription information.  The sixteen ounce bottle is of the size and type that would be sold from the manufacturer to a pharmacy or a hospital; the label includes the following instructions: "Dispense the accompanying Medication Guide to each patient."  The label also states: "This container is not intended for household use."  Trace amounts of a liquid that had the same odor and viscosity as codeine was also found in a clear blue bottle in a red Gucci bag. This drug is often illegally sold in the District of Columbia for recreational use.  In the course of his voluntary interview, Masoud admitted that the bottle of the syrup in the kitchen cabinet was his and that he had used it without a prescription in the past.

7.    Also found in the kitchen during the search were:

    a.   An AWS-600 digital scale, which has the capacity to measure from .1 to 600 grams. The scale had a green leafy substance on it that appeared to be marihuana.

    b.   A bag containing the residue of a green leafy substance labeled "Gold Label Distribution, Bud Man" that appeared to once contain marihuana or marihuana products.

While the trace amount of what appeared to be Marihuana found in the apartment was within the personal use limits allowed in the District of Columbia, digital scales, like the one found, are commonly used to measure drugs for distribution.  Selling marihuana remains prohibited, both federally and locally, and the distribution of codeine is likewise a violation of 21 U.S.C. § 841.

8.    Finally, the FBI found and seized the defendant property, $77,600 U.S. Currency:

    a.   $54,600 U.S. Currency found in a black bag in the kitchen cabinet above the refrigerator.

    b.   $13,000 U.S. Currency found in a Cheesecake Factory bag in the kitchen cabinet above the stove and to the right of the microwave.

    c.   $10,000 U.S. Currency found in the Red Gucci bag on the floor in the kitchen. Also in the bag were Masoud's U.S. Passport and the blue bottle with trace amounts of what appeared to be Promethazine Hydrochloride and Codeine Phosphate Syrup.

9.      Masoud was surveilled before and after the February 14, 2019 search.  He was seen driving three different cars, two Mercedes Benz sedans and one Jeep Cherokee.  The two Mercedes displayed Maryland license plates and the Jeep had Virginia plates, but the cars were not registered in Maryland or Virginia. The Vehicle Identification Numbers (VIN) displayed on the dashboard of each vehicle were not valid.  Before the search, in February 2019, one of the Mercedes was impounded for unpaid citations and Masoud picked it up from the impound lot using fake Maryland Registration documents.  The address on the fake documents corresponded to a business in Maryland that was shut down in 2018 for falsifying documents; a search of the business uncovered cocaine and a firearm.

**Masoud 's Criminal History**

10.      According to a criminal background check, on information and belief, Masoud has an extensive criminal history with several arrests and convictions by state and federal authorities in Maryland and Virginia for narcotics distribution and other offenses.

11.      On or about October 23, 2008, Masoud was arrested by local law enforcement in Alexandria, Virginia.  Masoud had approximately one ounce of marihuana, over $1,600 in U.S. currency that he admitted was proceeds from the sale of marihuana, and materials to weigh and package marihuana for retail sale.  Masoud pled guilty in the Circuit Court of Alexandria to the felony offense of possession with the intent to distribute marijuana.

12.      On or about January 12, 2010, Masoud was again arrested by local law enforcement inside a hotel room in Alexandria, Virginia.  Inside the room, which Masoud had rented, were almost three pounds of marihuana, materials to package marihuana for retail sale, over $2,000 in U.S. currency that Masoud admitted was proceeds from the sale of marihuana and a handwritten sheet

that showed over $20,000 in outstanding debts that various people owed Masoud for marihuana he

had previously supplied them with.  The marihuana in the room had been mailed to Masoud.  Once

in jail, Masoud reached out to co-conspirators to help him collect outstanding drug debts to help him

pay for an attorney, as well as to help him continue his drug trafficking.  Masoud pled guilty in the

Circuit Court of Alexandria to felony possession with the intent to distribute marihuana and

possession of drug paraphernalia.

13.    Masoud was also arrested in June 2011 by federal law enforcement in the Eastern

District of Virginia.  On July 14, 2011, he pled guilty in case number 1:11-cr-332, to conspiring with

others between about Autumn 2008 to May 2010 to intentionally distribute 100 kilograms or more

of a mixture and substance containing a detectable amount of marihuana in violation of Title 21,

United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

14.    In his plea documents, Masoud admitted that during the course and in furtherance of

this conspiracy, Masoud and his coconspirators employed various methods to avoid the detection of

law enforcement, including: communicating on pre-paid phones not associated with their true names;

frequently changing phones and phone numbers; renting vehicles to make trips related to the

conspiracy; wrapping marihuana packages so that the scent of marihuana could not be detected from

the outside; sending packages of marihuana to many different and varying addresses; using false

names on packages; remitting payment for marihuana by postal mail order, courier, cash sent through

the mail, and making cash deposits, in amounts just under the $10,000 reporting requirement, into

bank accounts.

15.    Masoud further admitted in his plea documents that on or about March 26, 2010, he

paid a coconspirator to go to a Post Office in Alexandria, Virginia, to pick up a package that

contained between three to four pounds of marihuana. The coconspirator was arrested and the contents of the package seized. On or about April 4, 2010, May 4, 2010, and May 6, 2010, he deposited proceeds from his sale of marihuana into Bank of America accounts controlled by a coconspirator.

16.     At the expiration of his state and federal sentences of imprisonment, Masoud was released on supervision in the Eastern District of Virginia in May 2013.  From 2015 to 2016, he tested positive for marihuana several times, until April 2016 when he attempted to cheat the test by providing a fake urine sample to his probation officer.  As a result, on May 6, 2016, he was sentenced to 15 days imprisonment and his period of supervision was terminated.

**Masoud's Explanation**

17.     After the currency was found, Masoud voluntarily answered some questions from investigators about its origin.  Masoud told investigators that the large amount of currency in the apartment was from gambling.  Masoud claimed to have won $50,000 at a Las Vegas casino (hereinafter "Casino A") at the end of December 2018.  Masoud did not provide any documentation to confirm his winnings.  Masoud claimed to have stayed at a particular hotel in Las Vegas (hereinafter "Hotel B") with his friend, and that his friend booked the hotel room and flight.  Hotel B and Casino A are owned by the same company (hereinafter "Company C").  Masoud refused to provide contact information for his friend so law enforcement was unable to confirm this information with him.  Masoud stated that he was unemployed.  He advised that that six to seven months ago, he worked at a restaurant in Alexandria for minimum wage for about two months. Masoud advised that he did not have a bank account.

18.     The FBI contacted the security office of Company C to ascertain if Masoud had indeed won $50,000 from Casino A in December 2018.  The security officer checked records for all of Company C's properties.  The security officer advised that there was a Moataz Masoud with an account with Company C but the date of birth was a bit different than the one the FBI provided from his passport.  The security officer further advised that Masoud's account did not show any activity since 2015.  There were no recent winnings recorded for Masoud.  The security officer advised if Masoud had won over $10,000 from a Company C casino and taken it in cash, the casino would have filed a Casino Currency Transaction Report documenting the date, place, time, amount, and recipient.  Casino A filed no such reports concerning Masoud.  Hotel B's records were also queried and no one with his friend's name stayed there in December 2018.  The FBI could also find no records of Masoud flying anywhere in December 2018.

19.     Inquiries to the District of Columbia Department of Employment Services, the Virginia Employment Commission, and the Maryland Department of Labor, Licensing and Regulations, to determine Masoud's income revealed that he has not been employed in Maryland, the District of Columbia, or Virginia in the last three years.  In 2014, he earned approximately $4,495 working at a restaurant.  Similar checks were also done on the woman Masoud was living with and those inquires revealed that she worked at a hospital, earning $11,185 in six months in 2017.

## COUNT ONE

20.     The factual statements made in paragraphs 1 through 19 are re-alleged and incorporated by reference herein.

21.     The defendant property is money, negotiable instruments, securities, or a thing of value furnished or intended to be furnished by a person in exchange for a controlled substance,

8

proceeds traceable to such an exchange, or moneys, negotiable instruments, or securities used or intended to be used to facilitate a violation of 21 U.S.C. § 801, *et seq.*

22.    As such, the defendant property constituting $77,600.00 is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

***WHEREFORE***, the plaintiff respectfully requests that, as to the above-referenced defendant property, due process and a warrant of arrest *in rem* issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant property be condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
DC Bar No. 472845

By: _____/s/_____

Arvind K. Lal, D.C. Bar No. 389496
Assistant United States Attorney
Christine M. Quinn, MD Bar No. 1801040011
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
arvind.lal@usdoj.gov
christine.quinn2@usdoj.gov
(202) 252-7688 (Lal)
(202) 252-7785 (Quinn)

*Attorneys for the United States of America*

9

## **VERIFICATION**

I, Christopher Ray, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by other law enforcement agents and that everything represented herein is true and correct to the best of my knowledge and belief.

Executed on this 18th day of July 2019.


*/s/ Christopher Ray*

Special Agent
Federal Bureau of Investigation
Washington Field Office

## CIVIL COVER SHEET
JS-44 (Rev. 5/12 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America<br>c/o U.S. Attorney's Office<br>555 Fourth Street, N.W.<br>Washington, D.C. 20530 ⊞ | $77,600.00 IN UNITED STATES CURRENCY ⊞ |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>**(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>**(IN U.S. PLAINTIFF CASES ONLY)**<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br><br>Christine M.Quinn (202) 252-7785<br>Assistant United States Attorney<br>555 4th Street, N.W.,  4th Floor<br>Washington, DC 20530 | ATTORNEYS (IF KNOWN) |

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ⦿ 1 U.S. Government Plaintiff
- ◯ 2 U.S. Government Defendant
- ◯ 3 Federal Question (U.S. Government Not a Party)
- ◯ 4 Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◯ 1 | ◯ 1 | Incorporated or Principal Place of Business in This State | ◯ 4 | ◯ 4 |
| Citizen of Another State | ◯ 2 | ◯ 2 | Incorporated and Principal Place of Business in This State | ◯ 5 | ◯ 5 |
| Citizen or Subject of a Foreign Country | ◯ 3 | ◯ 3 | Foreign Nation | ◯ 6 | ◯ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place an X in one category, A-N, that best represents your Cause of Action and <u>one</u> in a corresponding Nature of Suit)**

**◯ A.  *Antitrust***

- ☐ **410  Antitrust**

**◯ B.  *Personal Injury/ Malpractice***

- ☐ **310 Airplane**
- ☐ **315 Airplane Product Liability**
- ☐ **320 Assault, Libel & Slander**
- ☐ **330 Federal Employers Liability**
- ☐ **340 Marine**
- ☐ **345 Marine Product Liability**
- ☐ **350 Motor Vehicle**
- ☐ **355 Motor Vehicle Product Liability**
- ☐ **360 Other Personal Injury**
- ☐ **362 Medical Malpractice**
- ☐ **365 Product Liability**
- ☐ **367 Health Care/Pharmaceutical Personal Injury Product Liability**
- ☐ **368 Asbestos Product Liability**

**◯ C.  *Administrative Agency Review***

- ☐ **151 Medicare Act**

**Social Security**
- ☐ **861 HIA (1395ff)**
- ☐ **862 Black Lung (923)**
- ☐ **863 DIWC/DIWW (405(g)**
- ☐ **864 SSID Title XVI**
- ☐ **865 RSI (405(g)**

**Other Statutes**
- ☐ **891 Agricultural Acts**
- ☐ **893 Environmental Matters**
- ☐ **890 Other Statutory Actions (If Administrative Agency is Involved)**

**◯ D.  *Temporary Restraining Order/Preliminary Injunction***

**Any nature of suit from any category may be selected for this category of case assignment.**

***(If Antitrust, then A governs)***

**⦿ E.  *General Civil (Other)***          **OR**          **◯ F.  *Pro Se General Civil***

**Real Property**
- ☐ **210 Land Condemnation**
- ☐ **220 Foreclosure**
- ☐ **230 Rent, Lease & Ejectment**
- ☐ **240 Torts to Land**
- ☐ **245 Tort Product Liability**
- ☐ **290 All Other Real Property**

**Personal Property**
- ☐ **370 Other Fraud**
- ☐ **371 Truth in Lending**
- ☐ **380 Other Personal Property Damage**
- ☐ **385 Property Damage Product Liability**

**Bankruptcy**
- ☐ **422 Appeal 27 USC 158**
- ☐ **423 Withdrawal 28 USC 157**

**Prisoner Petitions**
- ☐ **535 Death Penalty**
- ☐ **540 Mandamus & Other**
- ☐ **550 Civil Rights**
- ☐ **555 Prison Conditions**
- ☐ **560 Civil Detainee – Conditions of Confinement**

**Property Rights**
- ☐ **820 Copyrights**
- ☐ **830 Patent**
- ☐ **840 Trademark**

**Federal Tax Suits**
- ☐ **870 Taxes (US plaintiff or defendant)**
- ☐ **871 IRS-Third Party 26 USC 7609**

**Forfeiture/Penalty**
- ☒ **625 Drug Related Seizure of Property 21 USC 881**
- ☐ **690 Other**

**Other Statutes**
- ☐ **375 False Claims Act**
- ☐ **400 State  Reapportionment**
- ☐ **430 Banks & Banking**
- ☐ **450 Commerce/ICC Rates/etc.**
- ☐ **460 Deportation**
- ☐ **462 Naturalization Application**
- ☐ **465 Other Immigration Actions**
- ☐ **470 Racketeer Influenced & Corrupt Organization**

- ☐ **480 Consumer Credit**
- ☐ **490 Cable/Satellite TV**
- ☐ **850 Securities/Commodities/ Exchange**
- ☐ **896 Arbitration**
- ☐ **899 Administrative Procedure Act/Review or Appeal of Agency Decision**
- ☐ **950 Constitutionality of State Statutes**
- ☐ **890 Other Statutory Actions (if not administrative agency review or Privacy Act)**

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/Privacy Act* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus – General**<br>☐ **510 Motion/Vacate Sentence**<br>☐ **463 Habeas Corpus – Alien Detainee** | ☐ **442 Civil Rights – Employment** (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **895 Freedom of Information Act**<br>☐ **890 Other Statutory Actions (if Privacy Act)**<br><br>*(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loan (excluding veterans)** |
| ○ **K.** *Labor/ERISA (non-employment)* | ◉ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
| ☐ **710 Fair Labor Standards Act**<br>☐ **720 Labor/Mgmt. Relations**<br>☐ **740 Labor Railway Act**<br>☐ **751 Family and Medical Leave Act**<br>☐ **790 Other Labor Litigation**<br>☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)**<br>☐ **443 Housing/Accommodations**<br>☐ **440 Other Civil Rights**<br>☐ **445 Americans w/Disabilities – Employment**<br>☐ **446 Americans w/Disabilities – Other**<br>☐ **448 Education** | ☐ **110 Insurance**<br>☐ **120 Marine**<br>☐ **130 Miller Act**<br>☐ **140 Negotiable Instrument**<br>☐ **150 Recovery of Overpayment & Enforcement of Judgment**<br>☐ **153 Recovery of Overpayment of Veteran's Benefits**<br>☐ **160 Stockholder's Suits**<br>☐ **190 Other Contracts**<br>☐ **195 Contract Product Liability**<br>☐ **196 Franchise** | ☐ **441 Civil Rights – Voting (if Voting Rights Act)** |

**V. ORIGIN**

◉ **1 Original Proceeding**   ○ **2 Remand from State Court**   ○ **3 Remanded from Appellate Court**   ○ **4 Reinstated or Reopened**   ○ **5 Transferred from another district (specify)**   ○ **6 Multi-district Litigation**   ○ **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
18 U.S.C.§ 981(a)(1) - civil forfeiture of property which is proceeds / involved in a conspiracy to violate IEEPA / 1956(h)

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $**<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐   NO ☒ |
|---|---|---|---|
| **VIII. RELATED CASE(S) IF ANY** | (See instruction)   YES ☐   NO ☒ | | If yes, please complete related case form |

**DATE:** _07/19/2019_   **SIGNATURE OF ATTORNEY OF RECROD** _/s/Christine M. Quinn_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

**I.**   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

**III.**   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

**VI.**   CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**   RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should endure the accuracy of the information provided prior to signing the form.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **c/o United States Attorney's Office** | ) | **Civil Action No. 19-cv-2149** |
| **555 Fourth St., N.W.** | ) | |
| **Washington, D.C.   20530** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **SEVENTY-SEVEN THOUSAND SIX** | ) | |
| **HUNDRED DOLLARS ($77,600.00)** | ) | |
| **IN UNITED STATES CURRENCY** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**WARRANT FOR ARREST *IN REM***

TO:  THE UNITED STATES MARSHAL'S SERVICE AND/OR ANY OTHER DULY
AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS a Verified Complaint for Forfeiture *In Rem* has been filed in the United States District Court for the District of Columbia, on the 19th day of July, 2019, alleging that the above defendant properties are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1);

YOU ARE, THEREFORE, HEREBY COMMANDED to serve the defendant properties, thus bringing, within the jurisdiction of the Court, said defendant properties, more fully described as:

**$77,600.00 IN UNITED STATES CURRENCY**

1

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed, unless, pursuant to Rule G(3)(c)(ii)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the defendant properties are in the government's possession, custody, or control.

Dated: July 19, 2019

_____
Clerk of the Court

By:     _____
Deputy Clerk

2